UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN B LOPEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>ISMAIL J. RAMSEY, et al.,<br><br>  Defendants. | Case No. 24-cv-01925-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

Pending before the Court is Defendants' motion to dismiss. Dkt. No. 18. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I.  BACKGROUND**

From what the Court can discern, pro se Plaintiff Stephen Bernard Lopez appears to be challenging his criminal conviction in *United States v. Lopez*, Case No. 13-cr-00183-JSW-1, and the terms of his supervised release on sovereign citizen grounds. *See* Dkt. No. 1. ("Compl."). In 2014, Plaintiff was charged in a superseding indictment with mail fraud, wire fraud, money laundering, obstruction of justice, and witness tampering. *See United States v. Lopez*, Case No. 13-cr-00183-JSW-1, Dkt. No. 40. Plaintiff pled guilty to two counts of wire fraud and agreed to pay restitution. *See id.*, Dkt. No. 65. United States District Court Judge Jeffrey S. White sentenced Plaintiff to 24 months of imprisonment and ordered him to pay $1.3 million in restitution. *See id.*, Dkt. No. 72.

Here, Plaintiff asserts that he is a "stateless person" and "'transient foreigner' without legal domicile," so he is "outside any/all general jurisdiction of the federal government." Compl. at 9. Plaintiff filed a complaint in March 2024 against Judge White, as well as U.S. Attorney Ismail J.

Ramsey and Assistant U.S. Attorneys Keslie Stewart, Maureen Bessette, Shining J. Hsu, Stephen G. Corrigan, Vivian F. Wang, and Wendy M. Garbers. *Id.*  Plaintiff suggests that Judge White "violate[d] due process, in conspiracy" with the U.S. Attorney's Office Defendants. *Id.* at 8. He asserts that he was "held against his will under the direction of the U.S. Marshal[]s and Federal Bureau of Prisons pursuant to an unconstitutional judgment," and is similarly "being forced against his will to comply with 'Probation' also known as 'Supervised Release' . . . ." *See id.* at 12.  Plaintiff urges that his conviction should be overturned and the criminal case against him dismissed with prejudice. *Id.* at 60. He also seeks over $3 billion in damages and the return of his "secured private property." *See id.* at 60–61.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

//

## III.     DISCUSSION

As discussed further below, Courts have routinely rejected "sovereign citizen" arguments such as those that Plaintiff raises here, and Defendants are immune from suit.

### A.     Sovereign Citizen Claims

The crux of Plaintiff's case turns on the idea that the federal government lacks jurisdiction over him because he is a "flesh and blood man" and a "non-citizen." *See, e.g.*, Compl. at 8–22; *see also* Dkt. No. 20 at 1, 3, 9–13.  Plaintiff alleges that he filed a "legal notice and demand" with the "Colorado Secretary of State Office" declaring that he is not a citizen of the United States.  Compl. at 13–14.  He further contends that he has "never lawfully given consent to be placed under the jurisdiction of the United States of America . . . ." *Id.* at 15.  The government, he claims, only charged and convicted a separate entity, "Stephen Bernard Lopez©, a Debtor and governmentally created Fiction existing for Commercial purposes only." *See* Dkt. No. 20 at 10.  He urges that Defendants used lies, threats, and coercion "to trick and compel" him "to stand in place for the charges levied against" this separate entity.  *Id.* at 10–11.

This ideology is often referred to as "sovereign citizenship."[1]  *See In re Dominick*, No. 20-MC-80001-DMR, 2020 WL 1173505, at *1–2 (N.D. Cal. Feb. 20, 2020), *report and recommendation adopted*, No. 20-MC-80001-WHO, 2020 WL 1171082 (N.D. Cal. Mar. 11, 2020) ("Under a sovereign citizen theory, U.S. citizenship is contractual and therefore optional.") (collecting cases); *see also United States v. Mitchell*, 405 F. Supp. 2d 602, 603–06 (D. Md. 2005) (describing sovereign citizen ideology).  Courts have routinely rejected arguments based on this ideology as wholly frivolous.  *See, e.g.*, *United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (rejecting criminal defendant's challenge to his conviction based on argument that district court lacked jurisdiction over him because "he is not a 'person' as defined by the United States Constitution."); *Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012, at *5 (N.D. Cal.

---

[1] In his opposition brief, Plaintiff appears to dispute use of the term "sovereign citizen." Dkt. No. 20 at 2–4.  He states that he "is not and never has been a 'Sovereign Citizen.'" *Id.* at 2.  However, any purported difference in terminology is immaterial to the Court's analysis.  The Court uses the phrase "sovereign citizenship" because that is the term widely applied to the theory underlying Plaintiff's case.

3

1  Oct. 15, 2019) (rejecting argument that court lacked jurisdiction under "'sovereign citizen' theory
2  because [the party] considers himself a 'Moorish-American National.'") (collecting cases).

### B. Judicial Immunity

Judges are absolutely immune from civil liability for acts performed in their judicial capacities. *See Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996). A plaintiff's ability to overcome this immunity is limited. "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Rather, "[t]his immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Moore*, 96 F.3d at 1244 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)).

A plaintiff may only overcome judicial immunity if the judge acts outside his or her judicial capacity or acts in the "complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12 (quoting *Stump*, 435 U.S. at 362); *see also Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (identifying factors relevant to the determination of whether an act is judicial in nature).

Here, Plaintiff has not plausibly alleged that Judge White's actions were not judicial in nature or were taken in the clear absence of all jurisdiction. As best the Court can tell, Plaintiff alleges that Judge White improperly sentenced Plaintiff and failed to dismiss Plaintiff's conviction. In doing so, however, Judge White was plainly acting in his "judicial capacity" to preside over Plaintiff's criminal case. To the extent Plaintiff challenges Judge White's exercise of jurisdiction over him under his sovereign citizen theory, as the Court explained above, such arguments are frivolous. Accordingly, Plaintiff's claims are clearly barred by Judge White's broad judicial immunity, and Plaintiff's complaint therefore "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory" against him. *Mendiondo*, 521 F.3d at 1104;

4

*see also Bey*, 2019 WL 5191012, at *5.

### C. Prosecutorial Immunity

The U.S. Attorney's Office Defendants are similarly immune under the doctrine of prosecutorial immunity. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). In short, prosecutors are "absolutely immune against suits . . . that arise from their performance of prosecutorial functions, even if the acts in question were committed in bad faith." *Patterson v. Van Arsdel*, 883 F.3d 826, 829–30 (9th Cir. 2018) (citing *Imbler*, 424 U.S. at 422–29). As the Ninth Circuit has explained, "absolute immunity furthers the doctrine's core goal of preventing retaliatory lawsuits that may impose 'unique and intolerable' burdens upon prosecutors." *Id.* at 830 (quoting *Imbler*, 424 U.S. at 425–26). Absolute prosecutorial immunity applies when the conduct at issue is "'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Imbler*, 424 U.S. at 430).

Although at times Plaintiff couches his complaint in terms of "fraud" and "conspiracy," at bottom he is actually challenging Defendants' criminal prosecution of him. For example, Plaintiff alleges that the U.S. Attorney's Office Defendants "did, in fact, 'charge' Stephen Bernard Lopez, a Debtor and governmentally created Fiction existing for Commercial purposes only" and "proceeded to trick and compel [Plaintiff] through threat, omission, lies, and/or coercion to stand the same for charges" brought against this other entity. *See* Compl. at 57–58. Plaintiff further requests that his conviction be overturned and the criminal case against be dismissed. *See id.* at 60–61. This falls squarely within the scope of Defendants' prosecutorial immunity, and Plaintiff's claims are therefore barred.

## IV. CONCLUSION

Defendants are all immune from suit, and the Court **GRANTS** the motion to dismiss. Dkt. No. 18. Given the nature of Plaintiff's claims and the deficiencies identified above, the Court further finds that granting leave to amend would be futile. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.")

(quotation omitted).  The Court therefore **DISMISSES** the complaint without leave to amend. The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated:   10/28/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge